IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID M. FONZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-cv-10396 |
| v. | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| WILL COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Fonza ("Plaintiff") brings suit under 42 U.S.C. § 1983 against Will County, Illinois (the "County") and the Will County Sheriff Mike Kelley ("Kelley") (together, the "Defendants"), as well as other defendants who are not involved in the present motion, for alleged violations to his civil rights arising out of his detention at the Will County Adult Detention Facility ("WCADF") in 2014. Currently before the Court is Defendants' motion to dismiss Counts IV and V of Plaintiff's amended complaint for failure to state a claim [36]. For the following reasons, Defendants' motion [36] is granted in part and denied in part. Count V of the complaint, a *Monell* claim against the County, is dismissed without prejudice. This matter is set for status on January 24, 2018 at 9:00 a.m.

**I.    Background[1]**

On November 24, 2014, Plaintiff was arrested and taken to the WCADF. During the booking process, several WCADF officers allegedly beat Plaintiff, while other officers looked on and failed to intervene. The WCADF's staff nurse then allegedly failed to provide Plaintiff with

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pled allegations set forth in Plaintiff's amended complaint [26]. See *Mutter v. Madigan*, 17 F. Supp. 3d 752, 756 (N.D. Ill. 2014). Plaintiff's amended complaint was prepared by recruited counsel.

adequate medical care for the injuries that he sustained as a result of the beating.

Plaintiff filed a *pro se* complaint against the "Will County Jail," individual WCADF officers, the staff nurse, and Doe defendants on November 7, 2016. See [1] at 1. The complaint alleges that WCADF officers beat and injured Plaintiff during the booking process on November 24, 2014, and that he was not given immediate doctor's care. The complaint also alleged that when Plaintiff was arrested later and spent more than a year in the Will County Jail, he was harassed, he saw "other inmates being verbally & physically abused," and he and the other inmates were exposed to unsanitary and unsafe conditions. The complaint asserted that "I do not believe that because someone cannot bond out of jail and is being held before they are found guilty or plead guilty, that they should be treated in the manners others and I were treated." *Id*. The complaint also "reserve[d] [Plaintiff's] right for other un-named Plaintiffs to be included in a possible Class Act lawsuit in relationship with all the above." *Id*.

The Court conducted an initial screen of Plaintiff's *pro se* complaint. See [10]. The Court "conclude[d], without prejudice to any arguments that the defendants may make in a motion to dismiss, that Plaintiff may be able to state an excessive force claim against Correctional Officers Brewer, Prokop, Day, Deane, Outlaw, and Filus," but that his "allegations as currently pled are insufficient to state a claim against Nursing Staff member Corrigan for deliberate indifference or against the Will County Jail for unconstitutional conditions of confinement." *Id*. at 3. Summons were issued for service of the complaint on the individual correctional officers. The Court also appointed counsel to represent Plaintiff, explaining that it "believe[d] that Plaintiff would benefit greatly from counsel's assistance to tie Plaintiff's factual allegations to the appropriate legal theories, draft an amended complaint, identify the proper defendants, and conduct additional discovery." *Id*. at 5. The Court also set the case for a status

hearing, at which it would set deadlines for Plaintiff to file an amended complaint.

Plaintiff's recruited counsel filed an amended complaint on April 12, 2017, within the time authorized by the Court. See [20], [24]. The amended complaint alleges claims for excessive force (Count I) and failure to intervene (Count II) against the individual correctional officers; a claim for denial of adequate medical care against the WCADF's staff nurse and medical provider (Count III); a claim for excessive force against Sheriff Kelley based on a supervisor liability theory (Count IV); a *Monell* claim against the County based on its alleged "widespread practice of bringing arrestees to Cell No. 1 at the WCADF and using excessive force on those arrestees" and failure to "correct this custom or policy" and to "properly screen, train, and supervise WCADF employees," [26] at 14 (Count V); a *Monell* claim against the WCADF's medical provider (Count VI); and an indemnification claim against the County (Count VII).

Currently before the Court is Defendants' motion to dismiss Counts V and VI of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

A Rule 12(b)(6) motion challenges the legal sufficiency of the complaint. For purposes of a motion to dismiss under Rule 12(b)(6), "the court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor." *Mutter*, 17 F. Supp. 3d at 756. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must allege facts which, when taken as true, "'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court reads the complaint and assesses its plausibility as a

whole. See *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). In addition, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017). "[A] pro se litigant is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled." *Williams v. County of Cook*, 969 F. Supp. 2d 1068, 1084 n.6 (N.D. Ill. 2013).

### III. Analysis

#### A. Statute of Limitations

"Claims brought under § 1983 are governed by the statute of limitations for personal-injury claims in the state where the plaintiff's injury occurred," which in Illinois is two years. *Neita v. City of Chicago*, 830 F.3d 494, 498 (7th Cir. 2016). There is no dispute that Plaintiff filed his original complaint within two years of the events on which the complaint was based. However, more than two years elapsed between those events and Plaintiff's filing of the amended complaint, which added the County and Sheriff Kelley as parties. The question before the Court, therefore, is whether the new claims "relate back" to the date that Plaintiff originally filed his complaint.

Plaintiff argues that the new claims "relate back" under both Rule 15(c)(1)(A) and Rule 15(c)(1)(C). Defendants address only the latter rule, effectively conceding that the new claims relate back under Rule 15(c)(1)(A). Under Rule 15(c)(1)(A), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). Here, the statute of limitations comes from Illinois law. Under Illinois law, an amendment adding a new defendant relates back to the date of the original filing if:

4

> (1) the time prescribed or limited had not expired when the original action was commenced;
>
> (2) the person, within the time that the action might have been brought or the right asserted against him or her <u>plus the time for service permitted under Supreme Court Rule 103(b)</u>, received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and
>
> (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading[.]

735 Ill. Comp. Stat. Ann. 5/2-616 (emphasis added).

The first and third requirements of the statute are satisfied here, because Plaintiff's original complaint was brought within the limitations period and Plaintiff's original and new claims all arise out of the same transaction or occurrence—the defendant officers' alleged use of force when booking Plaintiff at the WCADF.

The second criteria is also satisfied. Supreme Court Rule 103(b) "does not state a specific time limitation within which a defendant must be served," instead requiring the plaintiff to show "reasonable diligence in service of process." *Segal v. Sacco*, 555 N.E.2d 719, 720 (Ill. 1990). The Court has "wide discretion" in determining whether the plaintiff acted with reasonable diligence. *Id.* In this case, the Court concludes that Plaintiff acted with reasonable diligence in serving his complaints. Plaintiff served the amended complaint on Defendants less than nineteen weeks after he filed his original complaint, during which time the Court recruited counsel for Plaintiff and counsel investigated, prepared, and filed Plaintiff's amended complaint. Plaintiffs who have delayed service for much longer periods have been found to have acted with reasonable diligence. See, e.g., *Cannon v. Dini*, 589 N.E.2d 653, 656 (Ill. App. 1992) (13 month

5

delay); *Verploegh v. Gagliano*, 922 N.E.2d 428, 432–33 (Ill. App. 2009) (7 month delay). Therefore, Defendants received actual notice of the claims against them "within the time that the action might have been brought . . . against [them] plus the time for service permitted under Supreme Court Rule 103(b)," satisfying the second requirement of Illinois' relation-back statute. 735 Ill. Comp. Stat. Ann. 5/2-616.

For these reasons, the Court concludes that Counts IV and V of Plaintiff's amended complaint are not barred by the statute of limitations.

### B. The County as a Party

Defendants also move to dismiss Count V of the amended complaint, a *Monell* claim against the County, on the basis that an Illinois county cannot be held liable under Section 1983 for actions of the county's independently elected sheriff and employees of his office. Plaintiff concedes that, under governing Seventh Circuit precedent, Count V as currently pled is subject to dismissal. See [48] at 11-12 (citing *Franklin v. Zaruba*, 150 F.3d 682, 685-86 (7th Cir. 1998)). Plaintiff requests, however, that if Count V is dismissed, the dismissal should be without prejudice because Plaintiff may "consider re-pleading the *Monell* claim against Will County depending upon the evidence adduced in discovery, including, for example, any evidence establishing that Will County in fact controlled the policies and practices that led to the violations of [Plaintiff's] constitutional rights." [48] at 12.

The Court grants Defendants' motion to dismiss Count V without prejudice. In Illinois, a county sheriff is an "'independently elected county officer and is not an employee of the county in which the sheriff serves.'" *Askew v. Sheriff of Cook Cty., Ill.*, 568 F.3d 632, 636 (7th Cir. 2009) (quoting *Carver v. Sheriff of La Salle County*, 787 N.E.2d 127, 136 (Ill. 2003)). Although Illinois sheriffs may be agents of their county, they are not subject to their county's control. See

6

*Thompson v. Duke,* 882 F.2d 1180, 1187 (7th Cir. 1989) ("Cook County itself has no authority to train the employees involved or to set the policies under which [the sheriff's employees] operate."); *Moy v. Cty. of Cook*, 159 Ill. 2d 519, 532 (1994) ( "The county is given no authority to control the office of the sheriff."). "[T]he lack of identity between the county sheriff's department and the general county government indicates that § 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board." *Franklin*, 150 F.3d at 686. "Accordingly, courts routinely dismiss *Monell* claims against counties predicated on alleged misconduct by the sheriff's office." *Martinez v. Sgt. Hain*, 2016 WL 7212501, at *4 (N.D. Ill. 2016).

Plaintiff's allegations in this case are based on alleged misconduct by the sheriff's office, and therefore the *Monell* claim against the County will be dismissed. The dismissal is without prejudice to Plaintiff seeking leave to amend the complaint to allege a different *Monell* claim against the County. Defendants argue that the dismissal should be with prejudice because Plaintiff may seek to use discovery as a "fishing expedition" to find evidence supporting a claim that the County controlled the policies and practices that led to a violation of Plaintiff's rights. [49] at 5. The proper way to address that hypothetical concern, however, would be to file a motion for protective order, not to prohibit Plaintiff from pursuing such a claim at all.

## IV.     Conclusion

For these reasons, Defendants' motion [36] is granted in part and denied in part. Count V of the complaint, a *Monell* claim against the County, is dismissed without prejudice. This matter is set for status on January 24, 2018 at 9:00 a.m.

Dated: January 2, 2018

_____
Robert M. Dow, Jr.
United States District Judge